UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JOSEPH JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WILSON, et al.,<br><br>　　　　Defendants. | **1:23-cv-00580-GSA-PC**<br><br>**ORDER ADDRESSING PLAINTIFF'S DECLARATION**<br>**(ECF No. 12.)**<br><br>**ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE**<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER:**<br><br>　(1) **NOTIFY THE COURT THAT HE WISHES TO STAND ON THE ORIGINAL COMPLAINT,**<br><br>　OR<br><br>　(2) **FILE A FIRST AMENDED COMPLAINT**<br><br>**DEADLINE: <u>AUGUST 24, 2023</u>**<br><br>**ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF** |

## I.　BACKGROUND

Phillip Joseph Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 23, 2023.  (ECF No. 1.)

1

On July 17, 2023, Plaintiff filed a 7-page declaration. (ECF No. 12.)

## II. PLAINTIFF'S DECLARATION

In his declaration, Plaintiff makes allegations of events occurring at the California Correctional Institution beginning on December 7, 2022 when Plaintiff was incarcerated there. It appears that some of the allegations in the declaration are the same as those brought in Plaintiff's Complaint.

To the extent that Plaintiff wishes to amend the Complaint by adding information to the Complaint after it has been filed, Plaintiff may not amend the Complaint in this manner. Under Local Rule 220,[1] Plaintiff may not amend the Complaint by adding information piecemeal after the Complaint has been filed. To add information or correct an error in the Complaint, Plaintiff must file a new First Amended Complaint which is complete within itself.

## II. AMENDING THE COMPLAINT – FED. R. CIV. P. 15(a)

Plaintiff may file an amended complaint at this stage of the proceedings without leave of court. Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, because Plaintiff has not previously amended the Complaint and no responsive pleading has yet been served in this action, Plaintiff has leave to file an amended complaint as a matter of course.

Plaintiff is not required to amend the Complaint, and he may choose to stand on his original Complaint. However, if Plaintiff wishes to make changes to the original Complaint at this stage of the proceedings, he must file a First Amended Complaint making the needed

---

[1] Local Rule 220 provides, in part:

Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

changes. Therefore, **On or before August 24, 2023**, Plaintiff shall be required to either: (1) notify the Court that he wishes to stand on his original Complaint, or: (2) file a First Amended Complaint.

If Plaintiff chooses to amend the Complaint, he must file a new, First Amended Complaint complete it itself, without reference to the original Complaint. Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 36 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding allegations of events occurring after March 23, 2023, the date the original Complaint was filed. Also, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). The First Amended Complaint, if any, should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff is advised that he may not add information to the Complaint by adding information piecemeal to the Complaint after the Complaint has been filed;

2. Plaintiff is advised that his declaration filed on July 17, 2023, does not serve to

amend his original Complaint filed on March 23, 2023;

3. Plaintiff is informed that he has leave to amend the Complaint once as a matter of course;

4. **On or before August 24, 2023**, Plaintiff is required to either: (1) notify the Court that he wishes to proceed with the original Complaint, or: (2) file a First Amended Complaint;

5. The First Amended Complaint, if any, should be clearly and boldly titled "First Amended Complaint," refer to case number 1:23-cv-00580-GSA-PC, and be an original signed under penalty of perjury;

6. The Clerk of Court shall send one § 1983 civil rights complaint form to Plaintiff; and

7. Plaintiff is warned that his failure to comply with this order may result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **July 19, 2023**                              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE